NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN GRANGER,<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN E-TITLE CORP., et al.,<br><br>     Defendants. | Civil Action No.: 10-4627 (JLL)<br><br>OPINION |

This matter comes before this Court by way of three motions: (1) Plaintiff John Granger ("Plaintiff")'s Motion for Default Judgment [Docket Entry No. 30]; (2) Defendants American E-Title Corp., United Agencies and Gulshan Chhabra ("Defendants")'s Motion to Dismiss Plaintiff's Complaint for improper service of process pursuant to Fed. R. Civ. P. 12(b)(5) [Docket Entry No. 32]; and (3) Defendants' Motion to Vacate Default Judgment [Docket Entry No. 33]. The Court has considered the submissions of the Parties for the instant motion, and decides the motion on the papers pursuant to Fed. R. Civ. P. 78. Defendants' Motions are unopposed. For the reasons stated herein, the Court grants Defendants' Motion to Dismiss as the Court lacks personal jurisdiction over Defendants due to improper service of process. Therefore, the Court denies Plaintiff's Motion for Default Judgment and Defendants' Motion to Vacate Default Judgment as moot.

**I. BACKGROUND**

Plaintiff John Granger is a resident of the Commonwealth of New Jersey who originally authored and licensed the "New Jersey Title Insurance Rate Calculator" ("Rate Calculator") for

use on the Internet. (Compl., ¶¶ 3-4). The Rate Calculator is a computer program written for the Internet. (Id., ¶ 13). Defendants American E-Title Corp. ("American E-Title") and United Agencies are title insurance agents incorporated and registered in the State of New Jersey. (Id., ¶¶ 5, 10). Defendant Gulshan Chhabra ("Chhabra") is the President of American E-Title. (Id., ¶ 6).

This action arises from Defendants' alleged copyright infringement of Plaintiff's Rate Calculator when, without the right to do so, Defendants are purported to have "incorrectly represented to Internet users Plaintiff John Granger's New Jersey Title Insurance Rate Calculator . . . on Defendants['] websites with Plaintiff John Granger's external and primary internal Copyright Management Information removed while retaining Plaintiff John Granger's secondary internal Copyright Management Information while fraudulently adding Copyright and 'All Rights Reserved' notices then infringing three times again." (Id., ¶ 3). Specifically, Plaintiff alleges that on September 10, 2007, Plaintiff found his Rate Calculator on Defendant American E-Title's website. (Id., ¶ 15). On the following day, Plaintiff sent a letter by certified mail to Defendant American E-Title requesting that Defendant supply a copy of their licensing agreement to legally use Plaintiff's Rate Calculator. (Id., ¶ 17). On September 22, 2007, the Rate Calculator was removed from American E-Title's website. (Id., ¶ 18). On October 22, 2007, Plaintiff sent American E-Title a Notice of Acknowledgment of Use of Copywritten Material Without License by certified mail. (Id., ¶ 19). On October 25, 2007, American E-Title sent a letter to Plaintiff, signed by Defendant Chhabra stating in part that the Rate Calculator had been removed from their website. (Id., ¶¶ 20-21).

On August 23, 2010, Plaintiff again found his Rate Calculator on Defendant American E-

2

Title's website, and also on Defendant United Agencies' website. (Id., ¶ 83). Plaintiff alleges that the Rate Calculator was copied, prepared, published and distributed without his consent, authorization, approval or license. (Id., ¶ 86). Plaintiff had the Rate Calculator removed from Defendants' websites pursuant to a Digital Millenium Copyright Act ("DMCA") takedown. (Id., ¶ 87). Then, on August 26, 2010, Plaintiff found the Rate Calculator posted again on Defendants' websites. (Id., ¶ 113).

Plaintiff filed his Complaint on September 7, 2010 alleging, inter alia, copyright infringement, circumvention of copyright protection systems, interception of electronic communications in violation of the Electronic Communications Privacy Act ("ECPA"), unfair competition in violation of the Lanham Act and New Jersey state law, and theft of intellectual property under the Computer Fraud and Abuse Act ("CFAA"). [Docket Entry No. 1]. On September 13, 2010, the Clerk of the Court issued a summons to the three named Defendants. [Docket Entry No. 2]. On January 7, 2011, the summons was filed as executed by Plaintiff on December 30, 2010. [Docket Entry No. 5]. On the Proof of Service forms for all three named Defendants, the server, Denis Lyszkowski, indicates in handwritten notes that the summons was left "at the Corporation's usual place of business with Rajesh who signed, dated, and noted the time on this Proof of Service." [Id., at 2, 4, and 6]. Defendants assert that the process server served the papers on the wrong address and were thus never properly served. (Defs. Mot. to Dismiss, at 1).

On February 2, 2011, Plaintiff filed a request with the Clerk of the Court for entry of default for failure on the part of Defendants to plead or otherwise defend, and the Clerk entered default on February 3, 2011. [Docket Entry Nos. 6, 7]. Plaintiff's request for entry of default

3

stated that the Complaint and Waiver of Service were served on Defendant United Agencies on October 28, 2010 and on Defendants American E-Title and Chhabra on November 3, 2010. (Aff. of John Granger ("Granger Aff.") for Entry of Default, ¶¶ 2-3). Plaintiff also states that Defendants' Counsel contacted Plaintiff to attempt settlement and also stated that he did not have the Defendants' authority to waive service. (Id., ¶¶ 4, 6). Plaintiff finally asserts in his Affidavit that the Complaint and Summons were served on Defendants on December 30, 2010. (Id., ¶ 7). On July 15, 2011, Defendants filed their Answer to Plaintiff's Complaint along with a counterclaim for costs. [Docket Entry No. 15]. Despite these filings and Defendants' Counsel's appearances, Plaintiff filed the instant Motion for Default Judgment on December 14, 2011. [Docket Entry No. 30]. In response, Defendants filed two motions: (1) a Motion to Dismiss Plaintiff's Complaint for improper service of process pursuant to Fed. R. Civ. P. 12(b)(5); and (2) a Motion to Vacate Default Judgment. [Docket Entry Nos. 32, 33].

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P.4(e), service upon a person within the United States may be effected as follows:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2). Service upon a corporation may be effected as follows pursuant to Fed. R. Civ. P. 4(h):

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic . . . corporation . . . that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivery a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Under New Jersey law, service of summons, writs and complaints on an individual may be effected as follows:

> [B]y causing the summons and complaint to be personally served within this State . . . [u]pon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivery a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.

N.J. Ct. R. 4:4-4(a)(1). Service upon a corporation under New Jersey law may be effected as follows:

> [B]y serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this state in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law.

N. J. Ct. R. 4:4-4(a)(6).

The Court cannot exercise jurisdiction over a party that has not been properly served. Reddy v. Medquist, Inc., 2009 U.S. Dist. LEXIS 68122, at * 6 (D.N.J. Aug. 4, 2009); see also Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985)("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."). Pursuant to Fed. R. Civ. P. 12(b)(5), a party must assert any defense for improper service of process in its responsive pleading, but may additionally assert a defense by motion for insufficient service of process. Fed. R. Civ. P. 12(b)(5); see also Micklus v. Carlson, 632 F.2d 227 (3d Cir. 1980)(holding that dismissal of an action was appropriate where service was effectuated improperly). Defendants' Answer appropriately contains a defense based on improper service of process. (Defs. Answer, at ¶¶ 1, 14). The party asserting the validity of service bears the burden of proof on that issue. Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 488 (3d Cir. 1993); see also Myers v. American Dental Ass'n, 695 F.2d 716, 725 n. 10 (3d Cir. 1982)(once a defendant has challenged the sufficiency of service of process, burden is placed upon party alleging inadequate service to prove service was proper); 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987). Since the Court lacks personal jurisdiction over the Defendants due to improper service of process, it denies Plaintiff's Motion for Default Judgment and Defendant's Motion to Vacate Default Judgment as moot.

### III. DISCUSSION

Defendant argues, and Plaintiff's Proof of Service confirms, that Plaintiff's process server served the summons and complaint for each named Defendant on an individual named "Rajesh." (Def. Opp'n Mot., at 5; see Docket Entry No. 5). Defendant asserts that Rajesh is an individual

who "worked at a neighboring business and has no ties to any of the Respondents in the action apart from a neighborly affiliation." (Id.). Further, Defendant argues, and the Court agrees based on Plaintiff's submissions, that Plaintiff presents "no evidence to indicate that the person by the first name of Rajesh who was given the summons and complaint was an 'officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation'; NOR was he ever a person in charge of the 'registered office of the corporation' or a person in charge of the 'principal place of business of the corporation.'" (Id., quoting N.J. Ct. R. 4:4-4(a)(6)).

The Court finds that Plaintiff's method of service on the named Defendants does not meet the requirements of Rule 4(e) and 4(h). Accordingly, the Court finds that Plaintiff has failed to meet his burden regarding the validity of service and the Court lacks personal jurisdiction over the Defendants. Specifically, Plaintiff has presented no evidence that he has properly served Defendant Chhabra pursuant to Rules 4(e) and 4(h) as Plaintiff did not personally serve him, did not leave a copy of the summons and complaint at his dwelling or usual place of abode, nor did he deliver a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process on his behalf. Plaintiff also presents no evidence that he delivered the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the [corporate] defendant[s]" pursuant to Fed. R. Civ. P. 4(h)(1)(B). Finally, Plaintiff presents no evidence that he has appropriately served Defendants with the summons and complaint in conformity with New Jersey law pursuant to N.J. Ct. R. 4:4-4(a), as he did not properly serve Defendant Chhabra

as an individual, nor did he serve the papers to an officer, director, trustee, managing or general agent, authorized individual to receive process, a person at the registered office of the corporation in charge thereof, or on any employees of the Defendant corporations acting in the discharge of their duties. Since Plaintiff has failed to oppose Defendants' Motion to Dismiss, he has failed to meet his burden of proving that service of process was effectuated properly.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss Plaintiff's Complaint for improper service of process. Plaintiffs' Motion for Default Judgment and Defendants' Motion to Vacate Default Judgment are denied as moot. An appropriate Order accompanies this Opinion.

DATED: February 1, 2012

_____
Jose L. Linares
United States District Judge