<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————
                                               :
**JOHN GRANGER,**                              :
                                               :
                **Plaintiff,**                 :    **Civil Action No. 10-4627 (JLL)**
                                               :
        **v.**                                 :
                                               :
**AMERICAN E-TITLE CORP.,**                    :
**UNITED AGENCIES and GULSHAN**                :    **REPORT AND RECOMMENDATION**
**CHHABRA,**                                   :
                                               :
                **Defendants.**                :
—————————————————————:

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of a motion to dismiss for ineffective service of process brought by defendants American E-Title, Corp., United Agencies, and Gulshan Chhabra (collectively, "defendants"). Defendants filed their motion to dismiss on January 18, 2013 (ECF No. 65), and plaintiff John Granger ("plaintiff") submitted a memorandum in opposition on February 11, 2013 (ECF No. 67). Pursuant to Local Civil Rule 72.1, the Honorable Jose L. Linares, United States District Judge, referred the motion to this Court for Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument. For the reasons set forth below, the Court respectfully recommends that the District Court grant defendants' motion to dismiss (ECF No. 65) and terminate as moot plaintiff's outstanding motions to strike (ECF Nos. 62, 67).

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a resident of the Commonwealth of Pennsylvania who authored and licenses the New Jersey Title Insurance Rate Calculator ("Rate Calculator") for use on the Internet. (Compl. ¶¶ 3–4, Sept. 7, 2010, ECF No. 1).  Defendants American E-Title and United Agencies are title insurance agents incorporated and registered in the State of New Jersey.  (Id. ¶¶ 5, 10). Defendant Gulshan Chhabra ("Chhabra") is the President of American E-Title.  (Id. ¶ 6).

Plaintiff alleges that defendants infringed the copyright he holds for his Rate Calculator. (Compl. ¶ 3, ECF No. 1).  Specifically, he claims that defendants "incorrectly represented to Internet users [plaintiff's] New Jersey Title Insurance Rate Calculator . . . on Defendants['] websites with [plaintiff's] external and primary internal Copyright Management Information removed while retaining [plaintiff's] secondary internal Copyright Management Information while fraudulently adding Copyright and 'All Rights Reserved' notices then infringing three times again."  (Id.).  Plaintiff alleges that he found his copyrighted Rate Calculator on American E-Title's website on September 10, 2007, August 23, 2010, and August 26, 2010, without his consent.  (Id. ¶¶ 15, 83, 113).  Plaintiff also found his Rate Calculator on United Agencies's website on August 23, 2010, and August 26, 2010, again, without his consent.  (Id. ¶¶ 83, 113).

On September 7, 2010, plaintiff filed a nine-count complaint against defendants, alleging violations of:  (1) the Copyright Infringement Under Copyright Act, 17 U.S.C. §§ 106, 501 (id. ¶¶ 148–63); (2) the Circumvention of Copyright Protection Systems, 17 U.S.C. § 1201 (id. ¶ 165); (3) the Integrity of Copyright Management Information, 17 U.S.C. § 1202(b)(1)–(2) (id. ¶¶ 174–76); (4) the Lanham Act, 15 U.S.C. § 1125(a) (id. ¶¶ 184–87); (5) 73. Pa. Stat. §§ 201, 202 (id. ¶ 191); (6) Sections 2511 and 2520 of the Electronic Communications Privacy Act, 18

2

U.S.C. §§ 2511, 2520 (id. ¶¶ 195–203); (7) the Computer Fraud and Abuse Act, 18 U.S.C. §

1030(e)(6) (id. ¶¶ 207–09); (8) the Stored Communications Act, 18 U.S.C. § 2701 (id. ¶¶

215–18); and (9) the Pennsylvania Wiretapping and Electronic Surveillance Act, 18 Pa.C.S.A. §

5101, et seq. (id. ¶ 221).

On September 13, 2010, the Clerk of the Court issued summonses for the three

defendants. (Summonses, Sept. 13, 2012, ECF No. 2).  Plaintiff filed a "summons returned

executed" on January 7, 2011, stating that he had executed a summons as to each defendant on

December 31, 2010.  (ECF No. 5).  Specifically, the process server, Denis Lyszkowski, asserted

on American E-Title's form that he left the summons "at the Corporation's usual place of

business with Rajesh who signed, dated, and noted the time on this Proof of Service."  (Id. at 2).

Similarly, the process server stated on Chhabra's form that he left the summons "at the

individual's place of business with Rajesh, who after admitting to knowing Defendant, and after

agreeing to hand Defendant the Complaint, did sign, date, and note the time on this Proof of

Service."  (Id. at 4).  Likewise, the process server declared on United Agencies's form that he left

the summons "at the Company's usual place of business with Rajesh, who signed, dated, and

noted the time on this Proof of Service."  (Id. at 6).

Because none of the defendants filed an answer or motion within 120 days from the filing

of the Complaint, on February 2, 2011, plaintiff requested that the Clerk of the Court enter an

entry of default as to each defendant.  (Req. for Entry of Default, Feb. 2, 2011, ECF No. 6).

Plaintiff's request was granted.  (Clerk's Entry of Default, Feb. 3, 2011, ECF No. 7).  Thereafter,

defendants filed an answer with counter claims for costs.  (Ans. and Countercl. for Costs, July

15, 2011, ECF No. 15).  Defendants claimed that the Court lacked personal jurisdiction because

plaintiff failed to effect proper service of process; as such, they asserted that the Court ought to dismiss the matter.  (Id. ¶ 1).  Plaintiff subsequently filed a motion for default judgment based on defendants' failure to respond with specificity to the complaint and their purported violations of Court orders and rules.  (Mot. for Default J., Dec. 14, 2011, ECF No. 30).  In response, defendants filed motions to dismiss for improper service of process and to set aside the entry of default.  (Mot. to Dismiss, Dec. 30, 2011, ECF No. 32; Mot. to Set Aside Default J., Dec. 30, 2011, ECF No. 33).  Defendants reiterated that the Court should dismiss the action for insufficient service of process, asserting that plaintiff hired a process server who served the papers on the wrong address, and as a result, service was not properly effectuated as to any and all defendants.  (Mot. to Dismiss at 1, ECF No. 32).

The Court set aside the default judgment against defendants because it held that plaintiff's method of service did not satisfy Fed. R. Civ. P. 4(e) and (h), nor did it comply with N.J. Ct. R. 4:4-4(a).  (Op., Feb. 1, 2012, ECF No. 36).  Specifically, the Court found that plaintiff failed to effect service of process when his process server served the summons and complaint for each named defendant on an individual named "Rajesh."  (Id. at 6).  Plaintiff presented no evidence to allow the Court to conclude that "Rajesh" was authorized by law – pursuant to either Fed. R. Civ. P. 4(e), 4(h), or N.J. Ct. R. 4:4-4(a) – to accept service of process for any of defendants.  (Id. at 7–8).  Accordingly, the Court dismissed the case because plaintiff had failed to meet his burden of proof with respect to establishing service of process.  (Id. at 8).  Consequently, the Court denied as moot plaintiff's motion for default judgment (ECF No. 30) and defendants' motion to vacate default judgment (ECF No. 33).  (Id.).

Upon the Court's dismissal for improper service of process, plaintiff filed a motion for reconsideration.  (Mot. for Recons., Feb. 9, 2012, ECF No. 38).  The Court granted plaintiff's motion and dismissed the Complaint without prejudice to plaintiff's right to refile the same "following proper service of Defendants within thirty (30) days of the issuance of this Letter Order."  (Letter Order at 5, Mar. 19, 2012, ECF No. 39).  The Court granted plaintiff's motion for reconsideration because it had failed to consider plaintiff's pro se submissions in opposition to defendants' motions, "overlooking the factual assertions and arguments made therein as untimely filed."  (Id. at 3).  The Court noted that, as a pro se litigant, plaintiff's pleadings are held to less stringent standards than formal pleadings drafted by attorneys.  (Id.) (citations omitted).  As such, the Court determined that it would "constitute a manifest injustice" if it did not consider plaintiff's underlying factual assertions and substantive arguments.  (Id. at 4).  Accordingly, the Court granted plaintiff a thirty day period to file an amended complaint following proper service of defendants.  (Id. at 5).

On March 28, 2012, pursuant to the Court's Letter Order, plaintiff filed an amended complaint (ECF No. 41), but because he did not label it as an "Amended Complaint," the Clerk of the Court filed it under a new docket number, 12-1924.  (See Order, Apr. 4, 2012, ECF No. 40).  Upon recognizing the clerical error, the Court dismissed the matter docketed at 12-1924 as duplicative.  (Id.).  Accordingly, on April 9, 2012, plaintiff submitted the amended complaint, and it was filed under the instant docket number.  (Am. Compl., ECF No. 42).  Plaintiff attempted to serve defendants by serving their attorney, Carlton W. Hansen, Jr., during the thirty day time period granted by the Court.  (See Letter, Apr. 26, 2012, ECF No. 43).  Defendants' counsel, however, advised plaintiff in a letter dated April 12, 2012, that he was "not authorized to

accept service of process (summons and complaint)" on behalf of defendants.  (Exh. A to Letter, ECF No. 43).  Plaintiff's reply letter to Hansen, dated April 24, 2012, expressed confusion about whom to serve, and seemed to indicate that plaintiff believed he could serve defendants by serving Hansen because the docket showed that Hansen was the "ATTORNEY TO BE NOTICED" for defendants in the action.  (See Letter at 1, ECF No. 43).  It does not appear that plaintiff made any other attempts to serve defendants during this thirty day period.

Because plaintiff failed to effect service of process on defendants within the thirty day window provided by the Court in its March 19, 2012, Letter Order (ECF No. 39), the Court issued a notice for call of dismissal pursuant to Fed. R. Civ. P. 4(m).  (Notice of Call for Dismissal, Aug. 21, 2012, ECF No. 44).  Plaintiff asserted in a response memorandum that the Court never issued a summons for the amended complaint and that, in any event, he properly effected service of process on defendants by serving Carlton W. Hansen, Jr., the defendants' attorney, and by way of mail.  (Resp. Mem. at 1–3, Sept. 10, 2012, ECF No. 46).  Defendants argued that plaintiff had not provided proof of service of process and there was no showing of good cause as to why the action should not be dismissed.  (Defs.' Resp. Mem. at 2–3, Sept. 19, 2012, ECF No. 47).

The Court found that plaintiff did not properly serve the amended complaint on defendants.  (Order ¶ 6, Sept. 24, 2012, ECF No. 48).  Specifically, the Court found it clear from the parties' memoranda that service was not properly effected, and that the action had not yet been commenced.  (Id.).  In spite of this failure, the Court granted plaintiff an additional thirty days to effect service of process on defendants.  (Id. ¶ 7). The Court cautioned, however, that it would not repeat its rulings on the requirements of service, even though it remained mindful of

plaintiff's pro se status.  (Id. ¶ 6).  The Court also noted that "[t]o the extent Plaintiff needs any additional time, a separate application shall be made, *within the thirty (30) day period*, demonstrating good cause for such an extension.  Plaintiff's failure to do so will result in dismissal of Plaintiff's Amended Complaint with prejudice."  (Id. ¶ 7 (emphasis in original)).

Defendants filed a motion to reconsider the Court's decision to grant plaintiff a new deadline to effect service of process.  (Mot. for Recons., Oct. 5, 2012, ECF No. 51).  Plaintiff submitted a response memorandum.  (Resp. Mem., Oct. 15, 2012, ECF No. 52).  Defendants subsequently filed an addendum to their motion, which emphasized that plaintiff had failed to present evidence of proper service of process or evidence of a good faith effort.  (Addendum to Mem. Supp. Defs.' Recons. Mot., Nov. 3, 2012, ECF No. 54).  The Court found that defendants merely objected to the Court's discretionary determination of good cause to extend plaintiff's time to serve.  (Order at 2, Nov. 5, 2012, ECF No. 57).  It held that defendants similarly failed to show that a manifest injustice would occur if the Court were to extend the deadline.  (Id.). Because reconsideration is an "extraordinary remedy" that requires evidence of manifest injustice for implication, the Court denied defendants' motion.  (Id.).  The Court noted, however, that the matter could not proceed indefinitely, and "[t]o the extent service of process is not properly effectuated in accordance with this Court's September 24, 2012 Order, Defendants may [. . .] seek dismissal of this action."  (Id. at 3).

While defendants petitioned the Court to reconsider, plaintiff again attempted to effect service of process.  Summonses were returned executed in a timely manner on October 24, 2012, thirty days after the Court's extension of time.  (Summons Returned Executed, Oct. 24, 2012, ECF No. 53).  The process server, Nuno Veiga, "left the summons at [Chhabra's] residence or

usual place of abode with Jane Doe" on October 16, 2012.  (Id. at 3).  In addition, on October 23, 2012, plaintiff mailed, via certified mail, return receipt requested, and first class mail, two summonses to Chhabra, one that attempted to serve him in his individual capacity at his alleged residence and the other that attempted to serve Chhabra as American E-Title's president and registered agent at the listed address.  (See Exhs. A and C to Proof of Service, Nov. 5, 2012, ECF No. 55).  Plaintiff also mailed, via certified mail, return receipt requested, and first class mail, summonses to the address of Sohag Munshi, registered agent for United Agencies, and the address of the chief executive of United Agencies.  (See Exhs. D–G to Proof of Service, ECF No. 55).  On November 5, 2012, plaintiff filed a motion for determination of service or, in the alternative, an extension of time to effect service.  (Mot., Nov. 5, 2012, ECF No. 56)  On November 7, 2012, defendants filed an answer, alleging as an affirmative defense that the Court "lacks personal jurisdiction over all the respondents herein due to insufficient service of process."  (Ans., ECF No. 58 ¶ 14).  As a result, the Court denied as moot plaintiff's motion for determination of service (ECF No. 56) and ordered that defendants had to file any motion to dismiss by December 28, 2012.  (Order, Dec. 11, 2012, ECF No. 61).

On December 26, 2012, plaintiff filed a motion to strike defendants' answer (ECF No. 58) and defendants' response to plaintiff's motion for determination of service (ECF No. 60). (Mot. to Strike, Dec. 26, 2012, ECF No. 62).  Plaintiff requested that the Court strike those documents and impose sanctions upon attorneys Carlton W. Hansen, Jr. and William Timmons because neither had "filed an entry of appearance and ergo are precluded from filing documents in the instant action as non-party trespassers."  (Br. Supp. Mot. to Strike, ECF No. 62-1 at 5).  On December 28, 2012, defendants requested an extension of time to file a motion to dismiss (ECF

No. 63), which the Court granted on January 7, 2013 (ECF No. 64).  Thereafter, defendants filed

the instant motion to dismiss for lack of proper service of process on January 18, 2013.  (Mot. to

Dismiss, Jan. 18, 2013, ECF No. 65).  On February 11, 2013, plaintiff filed a motion to strike

(ECF No. 67), and a declaration alleging service of process on Chhabra at his residence on

October 16, 2012, and by mail on October 22, 2012 (Decl. of Service, ECF No. 66).  On March

15, 2013, defendants filed an addendum in further support of their motion to dismiss (ECF No.

68).  The Court, however, declines to consider that addendum (ECF No. 68) because it was filed

out of time, and defendants failed to articulate reasons as to why the Court should consider it as

timely filed.

## II.   DISCUSSION

The Court cannot exercise jurisdiction over a party that has not been properly served.

Sportscare of Am., P.C. v. Multiplan, Inc., No. 10-4414 (WJM), 2011 WL 589955, at *1 (D.N.J.

Feb. 10, 2011); Reddy v. MedQuist, Inc., No. 06-4410 (RBK), 2009 WL 2413673, at *2 (D.N.J.

Aug. 4, 2009).  Moreover, the party asserting the validity of the purported service bears the

burden of proof.  Reddy, 2009 WL 2413673, at *2; Grand Entm't Group, Ltd. v. Star Media

Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).  Here, plaintiff bears the burden of establishing that

service of process was effectuated on defendants because he is the party asserting the validity of

the service.  Pursuant to Fed. R. Civ. P. 12(b)(5), however, a party must assert in its responsive

pleadings a defense of insufficient service of process, and may also assert that defense as a

motion.  Here, defendants comply with Fed. R. Civ. P. 12(b)(5) because they allege insufficient

service of process as an affirmative defense (Ans. ¶¶ 1, 14, ECF No. 58), and base their motion

to dismiss (ECF No. 65) on insufficient service of process.

9

**A. Service of Process on American E-Title**

Federal Rule of Civil Procedure 4(h)(1) allows service upon a corporation:

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).

It follows that pursuant to Fed. R. Civ. P. 4(h)(1)(A), a plaintiff may effect service of process upon a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, the New Jersey Rules of Court provide the applicable state law for service of process on corporations:

> (a) Primary Method of Obtaining In Personam Jurisdiction. The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3, as follows:
>
> (1) Upon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf; . . .
>
> (6) Upon a corporation, by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule

on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law.

N.J. Ct. R. 4:4-4(a)(1), (6).

First, the Court finds that plaintiff failed to effect personal service of process on American E-Title pursuant to Fed. R. Civ. P. 4(h)(1)(B) because plaintiff presents no evidence in his Proof of Service (ECF No. 55), nor in his Declaration of Service (ECF No. 66), that he delivered a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." See Fed. R. Civ. P. 4(h)(1)(B).  Plaintiff asserts that he mailed copies of the summons and complaint to Gulshan Chhabra, American E-Title's registered agent, at the registered agent's address of 62 Dow Avenue, Iselin, New Jersey 08830 ("Iselin Address").  (Exh. C to Proof of Service, ECF No. 55; Exh. H to Decl. of Service, ECF No. 66).  That mail, however, was returned and marked "unable to forward."  (Exhs. I, J to Decl. of Service, ECF No. 66).  Plaintiff also provides documentation indicating that he mailed copies of the summons and complaint to Chhabra, American E-Title's president, at the president's address, which is the Iselin Address.  (Exhs. B, D to Proof of Service, ECF No. 55; Exh. E to Decl. of Service, ECF No. 66).  Again, that mail was returned and marked "unable to forward."  (Exhs. F, G to Decl. of Service, ECF No. 66).  As such, plaintiff presents no evidence for the Court to conclude that he satisfied Fed. R. Civ. P.

11

4(h)(1)(B) by "delivering" copies of the summons and complaint to an authorized agent of American E-Title.  See Signs by Tomorrow – USA, Inc. v. G.W. Engel Co., No. 05-4353 (RBK), 2006 U.S. Dist. LEXIS 56456, at *8 (D.N.J. Aug. 1, 2006) ("The term 'delivery' as used in . . . Rule 4(h)(1) does not include service by mail.") (citations omitted).

Next, the Court must consider whether plaintiff effected service of process on American E-Title pursuant to Rule 4(h)(1)(A).  That inquiry requires the Court to ascertain whether plaintiff effected service of process pursuant to applicable state law, see Fed. R. Civ. P. 4(e)(1), which, here, is Rule 4:4-4(a) of the New Jersey Rules of Court.  The Court finds that plaintiff has failed to effect personal service of process on American E-Title in conformity with Rule 4:4-4(a)(6).  Specifically, plaintiff has provided no evidence in his Proof of Service (ECF No. 55), nor in his Declaration of Service (ECF No. 66), to permit the Court to find that he served a copy of the summons and complaint in the manner prescribed by New Jersey Court Rule 4:4-4(a)(1)

> on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or . . . on a person at the principal place of business of the corporation in this State in charge thereof.

N.J. Ct. R. 4:4-4(a)(6).

To the extent plaintiff may argue obliquely that he has effected personal service of process on American E-Title by leaving copies of the summons and complaint with Jane Doe, Gulshan Chhabra's alleged roommate at 225 Old Somerset Road, Watchung, New Jersey ("Watchung Address"), the Court rejects that contention.[1]  (See Exh. A to Decl. of Service, ECF

---

[1] To be clear, plaintiff states that he "effected service upon Gulshan Chhabra at Gulshan

(continued...)

No. 66).  Plaintiff has failed to demonstrate that Jane Doe is an "officer, director, trustee or managing or general agent, or [a] person authorized by appointment or by law to receive service of process on behalf of the corporation."  N.J. Ct. R. 4:4-4(a)(6).  Further, plaintiff admits that "[p]ersonal service upon American E-Title Corp. on president Gulshan Chhabra at Gulshan Chhabra's residence is pending," indicating that service of process has not been effectuated in the manner prescribed by Rule 4:4-4(a)(6).  (See Br. Supp. Pl.'s Mot. Determination of Service at 2, ECF No. 55).  Accordingly, the Court finds that plaintiff has not effected personal service of process – the primary method of effecting service pursuant to state law – on American E-Title.

Despite his non-compliance with Rule 4:4-4(a)(6), plaintiff may obtain in personam jurisdiction by mail pursuant to Rule 4:4-3.  See N.J. Ct. R. 4:4-4(a) ("The foregoing subparagraphs (a)(1) through (a)(8) notwithstanding, in personam jurisdiction may be obtained by mail under the circumstances and in the manner provided by R. 4:4-3.").  Rule 4:4-3 states

> if personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment.  If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to the defendant's usual place of abode.  The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee

---

[1](...continued)

Chhabra's residence on October 16, 2012" by leaving copies of the summons and complaint with Jane Doe.  (Decl. of Service ¶ 7, ECF No. 66).  Thus, plaintiff does not submit expressly that he effected service of process on American E-Title by way of leaving copies of the summons and complaint with Jane Doe at the Watchung Address.

> refuses to claim or accept delivery of registered mail and if the
> ordinary mailing is not returned, the simultaneous mailing shall
> constitute effective service.

Rule 4:4-7 requires

> if service is made by mail, the party making service shall make
> proof thereof by affidavit which shall also include the facts of the
> failure to effect personal service and the facts of the affiant's
> diligent inquiry to determine defendant's place of abode, business
> or employment.  With the proof shall be filed the affidavit or
> affidavits of inquiry, if any, required by R. 4:4-4 and R. 4:4-5.

Here, as a starting proposition, the Court finds that plaintiff described with specificity his reasonable and good faith attempt to effect personal service on American E-Title.  (See Proof of Service, ECF No. 55).  Plaintiff explains that he procured the status report of American E-Title from the New Jersey Business Gateway Business Entity Information and Records Service, which indicates that its president and registered agent for service of process is Gulshan Chhabra, located at the Iselin Address.  (See Exh. B to Proof of Service, ECF No. 55).  By obtaining American E-Title's status report to identify its active business address, the Court concludes that plaintiff made a reasonable, good faith attempt to determine where he could attempt personal service of process.  Thereafter, plaintiff hired a process server to effect personal service on American E-Title at that address, and followed up with the server on October 23, 2012, regarding the attempted service.  At that time, the server alerted plaintiff "that the president's address and the registered agent's address . . . was a vacant house."  (ECF No. 55 at 1).  The Court determines that such conduct by plaintiff constitutes a reasonable, good faith attempt to effect personal service of process on American E-Title at the Iselin Address, thereby permitting plaintiff to serve process by mail in accordance with Rule 4:4-3.  Contra Lee v. Genuardi's Family Markets, LP, 2010 WL 2869454, at *2 (D.N.J. July 19, 2010) (holding plaintiff could not rely on service of process pursuant to

14

Rule 4:4-3 because she had not presented evidence of a failed attempt at personal service prior to attempting service by mail); City of Passaic v. Shennett, 390 N.J. Super. 475, 483 (App. Div. Feb. 9, 2007) (determining plaintiff could not effect service of process by mail because it "acknowledge[d] that it never even attempted personal service on defendant – notwithstanding the fact that it had [defendant's] proper address").

Upon learning that the Iselin Address, which, again, is listed as American E-Title's principal business address and its registered agent's address, was a vacant house, plaintiff attempted to serve process on American E-Title by certified mail, return receipt requested, and first class mail.  (See Exhs. C, D to Proof of Service, ECF No. 55).  Thus, plaintiff attempted to "make service simultaneously by registered or certified mail and ordinary mail."  N.J. Ct. R. 4:4-3.  However, both the certified mail and the priority (i.e., ordinary) mail that he sent to the Iselin Address were "returned and marked 'unable to forward' by the United States Post Office." (Decl. of Service ¶ 15, ECF No. 66-2; see Exhs. F, G, ECF No. 66).  As a result, the Court cannot conclude that plaintiff effected service of process on American E-Title by way of the simultaneous mailing because such mailings would constitute effective service only "if the ordinary mailing [were] not returned."[2]  N.J. Ct. R. 4:4-3.

_____

[2] In addition, because both the certified mail and priority mail were returned and marked "unable to forward," plaintiff did not serve process on American E-Title pursuant to the Optional Mailed Service provision of Rule 4:4-4(c).  Plaintiff also did not serve process on American E-Title pursuant to the Substituted Service provision of Rule 4:4-4(b)(1), because he sought to mail service to American E-Title in the State of New Jersey, and Rule 4:4-4(b)(1) applies only for service of process on out-of-state defendants.  See Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 603 (D.N.J. Aug. 18, 2003).  And because plaintiff failed to exhaust the prerequisite efforts of service, this Court cannot order service of process on American E-Title pursuant to Rule 4:4-4(b)(3).  See N.J. Ct. R. 4:4-4(b)(3) ("If service can be made by any of the modes provided by this rule, no court order shall be necessary.").

Further, the Court notes that plaintiff's Declaration of Service (ECF No. 66) fails to comply with Rule 4:4-7 because it does not include the facts of his diligent inquiry to determine American E-Title's place of business.  See N.J. Ct. R. 4:4-7 ("If service is made by mail, the party making service shall make proof thereof by affidavit which shall also include . . . the facts of the affiant's diligent inquiry to determine defendant's place of [] business.").  Diligence has no fixed standard.  See Modan v. Modan, 327 N.J. Super. 44, 48 (App. Div. 2000).  When considering diligence, the Court conducts a fact-sensitive inquiry "measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant."  Id. (internal citation and quotation marks omitted).  Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not mean necessarily that a plaintiff take every conceivable action.  Id. at 48–49 (collecting cases). Generally, a diligent effort will include several attempts at service in addition to broad investigative efforts such as searching public databases, tax records, credit records, and general Internet inquiries.  See Prudential Ins. Co. of America v. Holladay, Civ. No. 07-5471, 2008 WL 1925293, at *3 (D.N.J. Apr. 30, 2008); Schneider Nat'l, Inc. v. Schneider Movers, Inc., Civ. No. 10-140, 2010 WL 1490593, at *3 (D.N.J. Apr. 12, 2010) (stating that "[i]t is common for counsel to undertake broader investigative efforts to locate parties, such as conducting Internet 'people finder' searches; utilizing an investigator; or searching voter registration records").

Here, the Court concludes that plaintiff has not conducted a diligent inquiry to ascertain American E-Title's place of business.  Plaintiff declares that he obtained the status report for American E-Title, which indicates that its principal business address and registered agent's address is the Iselin Address.  (Decl. of Service ¶ 12, ECF No. 66-2).  Plaintiff states that he

spoke with his process server about the attempted personal service on October 23, 2012, and was

told that the Iselin Address was a vacant house.  (Id. ¶ 13).  Plaintiff, however, failed to follow up

on that critical piece of information; rather, he proceeded to mail copies of the summons and

complaint to an address he knew was a vacant house.  Upon learning the house at the Iselin

Address was vacant, plaintiff did not conduct a broad investigative effort to determine whether

American E-Title had moved its place of business or changed its principal address.  He does not

attest that he made qualitative efforts, such as conducting thorough Internet research or hiring an

investigator, to locate and serve American E-Title.  In sum, the record does not demonstrate, and

plaintiff does not declare, that he exhausted his efforts and followed up diligently on the

information he possessed or could have reasonably obtained to satisfy Rule 4:4-7 and the

constitutional requirements of due process.  See The Guardian Life Ins. Co. of Am. v. Crystal

Clear Indus., et al., 2012 WL 1884003, at *5 (D.N.J. May 22, 2012).  As such, the Court finds

that plaintiff failed to effect service of process on American E-Title pursuant to Rule 4:4-3.

**B.  Service of Process on United Agencies**

Because United Agencies, like American E-Title, is a corporation, whether plaintiff

effected service of process on United Agencies is governed by the law that the Court has set forth

in Section II, A of this Report and Recommendation.

First, the Court finds that plaintiff failed to effect personal service of process on United

Agencies pursuant to Fed. R. Civ. P. 4(h)(1)(B) because plaintiff presents no evidence in his

Proof of Service (ECF No. 55), nor in his Declaration of Service (ECF No. 66), that he delivered

a copy of the summons and complaint "to an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process."  See Fed. R. Civ. P.

4(h)(1)(B).  On October 23, 2012, plaintiff spoke with his process server on the phone about the attempted personal service upon United Agencies, and was informed that United Agencies could not be found at its prior address of 37 Meridian Road, Edison, New Jersey 08820.  (See Proof of Service at 2, ECF No. 55; Decl. of Service ¶ 19, ECF No. 66-2).  Thereafter, plaintiff obtained a status report for United Agencies, which listed 817 Inman Avenue, Suite #3, 2nd Floor, Edison, New Jersey 08820 ("Edison Address") as its principal business address.  (See Proof of Service at 2, ECF No. 55; Exh. E to Proof of Service; Decl. of Service ¶ 20, ECF No. 66-2; Exh. K to Decl. of Service).  Accordingly, plaintiff mailed copies of the summons and complaint to the Edison Address, but he does not declare that he effected personal service of process on United Agencies. (See Proof of Service at 2, ECF No. 55; Decl. of Service ¶ 21, ECF No. 66-2).  As such, the Court cannot conclude that plaintiff satisfied Fed. R. Civ. P. 4(h)(1)(B) by "delivering" copies of the summons and complaint to an authorized agent of United Agencies.  Further, because plaintiff did not effect personal service of process on United Agencies, the Court cannot conclude that he satisfied Rule 4:4-4(a)(6).

Next, the Court must consider whether plaintiff effected service of process on United Agencies pursuant to Rule 4:4-3.  Again, on October 23, 2012, plaintiff's process server told him that United Agencies could not be found at its prior address of 37 Meridian Road, Edison, New Jersey 08820.  (See Proof of Service at 2, ECF No. 55; Decl. of Service ¶ 19, ECF No. 66-2).  On that same day, plaintiff obtained the status report of United Agencies from the New Jersey Gateway Business Entity Information and Records Service, which indicated that United Agencies' principal business address and registered agent's address was the Edison Address. (See Exh. E to Proof of Service, ECF No. 55; Exh. K to Decl. of Service, ECF No. 66).  Plaintiff

18

thereafter mailed copies of the summons and complaint to the Edison Address.  The Court notes, however, that plaintiff made no attempt, let alone a reasonable and good faith attempt, to effect personal service of process on United Agencies at the Edison Address, which is its principal business address and registered agent's address.  Plaintiff's apparent attempt to effect personal service of process on United Agencies at its former address does not absolve it of its obligation under Rule 4:4-3 to make a reasonable and good faith attempt to effect personal service of process on United Agencies at its principal business address.  On September 24, 2012, the Court granted plaintiff a thirty-day extension of time to serve process on defendants (Order ¶ 6, ECF No. 48), but plaintiff waited until October 23, 2012 to run the status report on United Agencies and identify its active, principal business address.  Such conduct does not constitute a reasonable and good faith attempt to effect personal service of process, particularly where plaintiff has failed to declare or otherwise provide evidence that he could not obtain the active business address of United Agencies earlier than October 23, 2012.  As a result, the Court cannot find that plaintiff put forth a reasonable and good faith attempt to effect personal service of process on United Agencies, thereby precluding him from serving process by mail pursuant to Rule 4:4-3.[3]

Finally, the Court determines that plaintiff has failed to effect service of process on United Agencies pursuant to New Jersey Court Rules 4:4-4(b)(1), (b)(3), or (c).  Rule 4:4-4(b)(1) permits service of process by mail on a defendant outside the State if "it appears by affidavit satisfying the requirements of [Rule] 4:4-5(b) that despite diligent effort and inquiry personal

---

[3] Because the Court concludes that plaintiff failed to make a reasonable and good faith attempt to effect personal service of process on United Agencies, it is immaterial to the instant analysis that the summons and complaint sent via priority mail to United Agencies were not returned by the United States Post Office.  (See Decl. of Service ¶¶ 22, 25, ECF No. 66-2).

service cannot be made in accordance with paragraph (a) of this rule."  See Citibank, N.A. v. Russo, 334 N.J. Super. 346, 351–52 (App. Div. 2000) ("[I]f a plaintiff's initial attempt to make personal service is unsuccessful 'after diligent effort and inquiry,' service then may be made simultaneously by registered or certified mail, return receipt requested, and ordinary mail."). Here, defendant United Agencies is not located outside the State of New Jersey, and plaintiff has failed to submit an affidavit that explains any "diligent effort and inquiry" he undertook to effect personal service of process before resorting to service by mail.  As such, plaintiff cannot serve process on United Agencies by mail pursuant to Rule 4:4-4(b)(1).  In addition, this Court cannot order service of process on United Agencies pursuant to Rule 4:4-4(b)(3) because, for the reasons expressed herein, plaintiff has failed to exhaust the prerequisite efforts of service.  Plaintiff also cannot avail himself to service of United Agencies pursuant to Rule 4:4-4(c), because he attempted to effect personal service of process before attempting to serve by mail.  (See Decl. of Service ¶¶ 19, 20, ECF No. 66-2); see Russo, 334 N.J. Super. at 351–52 (holding plaintiff did not serve defendant pursuant to Rule 4:4-4(c) where it first attempted to effect personal service of process).  Consequently, plaintiff failed to effect service of process on United Agencies.

**C.  Service of Process on Gulshan Chhabra in his Individual Capacity**

Federal Rule of Civil Procedure 4(e) provides the various methods of service on an individual within a judicial district of the United States:

> (1) [by] following state law . . . ; or

> (2) [by] doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The New Jersey Rules of Court provide the applicable state law for service of process on individuals:

> (a) Primary Method of Obtaining In Personam Jurisdiction. The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3, as follows:
>
> (1) Upon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf . . . .

N.J. Ct. R. 4:4-4(a)(1).

First, the Court finds that plaintiff has not effected service of process pursuant to Federal Rules of Civil Procedure 4(e)(2)(A) or (2)(C).  That is, plaintiff does not allege that he delivered a copy of the summons and complaint to Chhabra personally or that he delivered a copy of each to an agent authorized by appointment or by law to receive service of process for Chhabra.  As such, the inquiry turns to whether plaintiff served Chhabra pursuant to Rule 4:4-4(a)(1) and Federal Rule of Civil Procedure 4(e)(2)(B).

Plaintiff declares that he effected service of process on Chhabra on October 16, 2012, when his process server left copies of the summons and complaint with Jane Doe, an alleged

"roommate" of Chhabra's, at the Watchung Address, i.e., 225 Old Somerset Road, Watchung, New Jersey 07069.  (See Decl. of Service ¶ 7, ECF No. 66; Exh. A to Decl. of Service).  Based on its review of the scant record before it, however, the Court is unconvinced that this constitutes effective service of process pursuant to either Rule 4:4-4(a)(1) or Federal Rule of Civil Procedure 4(e)(2)(B).  Specifically, plaintiff, and his process server, provide no details as to the alleged service of process on Jane Doe.  Plaintiff does not indicate that the process server knocked on the front door of the abode, rang a doorbell, or otherwise announced his presence and intent to serve process on Chhabra.  There is no indication that the process server asked Jane Doe whether Chhabra was in fact at the residence.  There is also no indication that the process server confirmed that Jane Doe was a "competent member of the household," pursuant to Rule 4:4-4(a)(1), or that she was of suitable discretion, pursuant to Federal Rule of Civil Procedure 4(e)(2)(B).  Further, Chhabra declares that he was not personally served at the Watchung Address on October 16, 2012 and that "[n]o other individual in [his] residence had personally received any kind of service of papers or process at [his] residence on the date of October 16, 2012."  (See Chhabra Aff. ¶¶ 4–5, ECF No. 65-2).  Given the lack of detail regarding the attempted service of process on October 16, 2012, the Court finds that plaintiff failed to carry his burden of asserting the validity of that attempted service.  See generally Grand Entm't Group, 988 F.2d at 488 (noting the "party asserting the validity of service bears the burden of proof on that issue").

Plaintiff also alleges that, on October 23, 2012, he "mailed additional service of the Summons and Complaint upon Gulshan Chhabra at [] Chhabra's residence via certified mail return receipt requested and first class mail (priority mail)."  (Decl. of Service ¶ 9, ECF No. 66-2; see Exh. B to Decl. of Service).  Putting aside the question of why plaintiff would mail

"additional" service to Chhabra when he claims simultaneously that he effected service of

process on October 16, 2012, the Court notes that plaintiff mailed the summons and complaint to

255 Old Somerset Road, Watchung, New Jersey – not 225 Old Somerset Road, Watchung, New

Jersey.  (See Exh. B to Decl. of Service, ECF No. 66; Exh. A to Proof of Service, ECF No. 55).

Chhabra, however, declares that his residence is 225 Old Somerset Road, Watchung, New Jersey,

see Chhabra Aff. ¶ 2, ECF No. 65-2, and plaintiff attempted to serve process on Chhabra at 225

Old Somerset Road, Watchung, New Jersey, on October 16, 2012.  Thus, on October 23, 2012,

plaintiff mailed the copies of the summons and complaint to the wrong address – that is, 255 Old

Somerset Road, rather than 225 Old Somerset Road, which is where Chhabra's dwelling place or

usual place of abode is in fact located.  Given the error, the Court must conclude that plaintiff

failed to effect service of process on Chhabra by way of mail on October 23, 2012.[4]

The Court acknowledges that it must construe liberally in favor of plaintiff the sufficiency

of a pro se complaint.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); United States v. Day,

969 F.2d 39, 42 (3d Cir. 1992); Okpor v. Ryker, No. 12-1319 (JBS), 2012 U.S. Dist. LEXIS

89097, at *1–2 (D.N.J. June 25, 2012).  However, if plaintiff cannot show that he effected

service of process, the Court must dismiss the case, regardless of the litigant's status.  See

Conrad v. Potter, No. 04-5094 (RBK), 2006 WL 54337, at *2–3 (D.N.J. Jan. 10, 2006) (finding

no good cause to extend deadline for pro se plaintiff, and that failure to serve process was

"unreasonable under the circumstances," when the suit had been pending for over two years and

---

[4] Because the Court concludes that plaintiff failed to mail copies of the summons and
complaint to Chhabra's actual residence or usual place of abode, it is immaterial to the instant
analysis that the summons and complaint sent via first class mail to 255 Old Somerset Road,
Watchung, New Jersey were not returned by the United States Post Office.  (See Decl. of Service
¶ 10, ECF No. 66-2).

plaintiff had only mailed the complaint to one defendant); see also Jones v. Frank, 973 F.2d 872, 873–74 (10th Cir. 1992) (upholding dismissal of a pro se suit for insufficient service of process after plaintiff failed to meet several deadlines to correct his service defects).  "Before dismissing a suit for insufficient service of process, the court should first 'determine whether good cause exists for an extension of time.'"  Potter, 2006 WL 54337, at *2 (quoting Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305–06 (3d Cir. 1995)).  A showing of good cause by the plaintiff "requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"  MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995) (quoting Petrucelli, 46 F.3d at 1312).  The "primary focus" of the good cause inquiry is "on the plaintiff's reasons for not complying with the time limit in the first place," see id., and "[a] pro se litigant's ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely serve process."  Potter, 2006 WL 54337, at *3 (citations omitted).

The Court was clear in its September 24, 2012 Order that "[w]hile mindful of Plaintiff's pro se status, [it] will not repeat the contents of its prior rulings on the issue of service of process . . . .  Suffice it to say that Plaintiff must comply with all relevant aspects of Federal Rules of Civil Procedure 3 . . . and 4."  (Order ¶ 6, ECF No. 48 (emphasis in original)).  The Court granted plaintiff an additional thirty (30) days to properly effectuate service of process on all defendants, but cautioned that "[t]o the extent Plaintiff needs any additional time, a separate application shall be made, **within the thirty (30) day period**, demonstrating good cause for such an extension.  Plaintiff's failure to do so will result in dismissal of Plaintiff's Amended Complaint with prejudice."  (Id. ¶ 7 (emphasis in original)).  Here, plaintiff made no separate application

24

demonstrating good cause for an additional extension of time; rather, he merely inserted at the end of his Proof of Service a request for an additional thirty (30) days to effect service of process on the unsubstantiated basis that Chhabra was not available during normal business hours at American E-Title's registered agent's address.  (See Proof of Service at 17, ECF No. 55). Accordingly, the Court finds that plaintiff has not shown good cause to warrant granting yet another extension of time to properly effectuate service of process on all defendants.

### III.  CONCLUSION

For the reasons stated above, the Undersigned respectfully recommends that the District Court grant defendants' motion to dismiss for ineffective service of process (ECF No. 65) and terminate as moot plaintiff's outstanding motions to strike (ECF Nos. 62, 67).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

Date: April 10, 2013

25